The Honorable Jeremy Hutchinson State Representative 718 Parliament Street Little Rock, AR 72211-2046
Dear Representative Hutchinson:
I am writing in response to your request for an opinion on the following question concerning A.C.A. § 6-18-511 (Repl. 1999), which addresses the authority of a teacher to remove a student from the classroom in order to maintain effective discipline:
 If a public school teacher has a disruptive student who has been sent once to the administrator's office and disrupts the class on a second offense during a nine week period, can that student be detained from returning to the class until a parent conference is held? Would this type of discipline be upheld under Arkansas Code Annotated § 6-18-511. Removal by teacher?
RESPONSE
Assuming that the student's removal from class on both occasions was in accordance with A.C.A. § 6-18-511 (b),[1] it is my opinion that the answer to this question is "yes." Indeed, as I interpret subsection (d) of § 6-18-511, a conference is a condition to returning the student to the classroom if the student has been removed twice during a nine-week period.[2]
Some explanation of the statute is necessary. Subsection (a) provides that "[c]onsistent with state and federal law, a teacher may remove a student from class and send him or her to the principal's or principal's designee's office in order to maintain effective discipline in the classroom." The authorized bases for a student's removal are set forth in subsection (b), supra at n. 1. Subsection (c) then outlines the various alternative courses of action available to the principal or his designee in dealing with the student who has been sent to his office, which include returning the student to the class.[3]
The next subsection is particularly relevant to your question because it addresses the "second offense" scenario, as you phrase it. Subsection (d) states in relevant part as follows:
 (d)(1) If a teacher removes a student from class twice during any nine-week grading period or its equivalent as determined by the Department of Education, the principal or his designee may not return the student to the teacher's class unless a conference is held for the purpose of determining the causes of the problem and possible solutions. . . .
A.C.A. § 6-18-511(d)(1) (Repl. 1999) (emphasis added).[4] Subsection (d)(1) thus eliminates the option of returning the student to the class once a teacher has, consistent with subsection (b), removed the student twice during a nine-week period or its equivalent, "unless a conferenceis held." Id. I conclude from this subordinate clause that a conference must be held in order for the principal or his designee to have the option of returning the student to the class. This follows, in my opinion, from the ordinary meaning of the subordinate conjunction "unless." See generally Southwestern Bell Mobile v. Arkansas PublicService Commission, 73 Ark. App. 222, 228, 40 S.W.3d 838 (2001) (stating the basic rule of statutory construction that absent an ambiguity, a statute must be construed just as it reads, giving the words their ordinary and usually accepted meaning in common language); and Webster'sSeventh New Collegiate Dictionary (1972) at 971 (defining "unless" as "under any other circumstance than that . . . except on the condition that . . . without the accompanying circumstance or condition that. . . .") Applying this definition in the context of A.C.A. §6-18-511(d) leads me to conclude that a conference is a condition to returning the student to the class. If a conference is held, the student could then be returned to the class as a possible solution to the problem. Unless a conference is held, however, that option is not available to the principal or his designee in the so-called "second offense" scenario.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Subsection (b) states that "[a] teacher may remove from class a student:
 (1) Who has been documented by the teacher as repeatedly interfering with the teacher's ability to teach the students in the class or with the ability of the student's classmates to learn; or
 (2) Whose behavior the teacher determines is so unruly, disruptive, or abusive that it seriously interferes with the teacher's ability to teach the students in the class or with the ability of the student's classmates to learn.'
[2] This also assumes that no issue arises under the Individuals With Disabilities Education Act (IDEA, 20 U.S.C. § 1400 et seq)., the federal act which requires that states provide a disabled student with a free appropriate public education. See generally Gill v. Columbia 93 SchoolDistrict, 217 F.3d 1027, 1034 (8th Cir. 2000) (noting that one of the Congressional policies behind IDEA is to enable disabled children to be educated alongside their non-disabled peers rather than to be shut off from them, and that disabled students are to be educated in a mainstream classroom whenever possible).
[3] Subsection (c) states in full that "the principal or his designee may:
 (1) Place the student into another appropriate classroom, into in-school suspension, or into the district's alternative learning environment established in accordance with § 6-18-508, so long as such placement is consistent with the school district's written student discipline policy;
(2) Return the student to the class; or
 (3) Take other appropriate action consistent with the school district's discipline policy, state law, and federal law.'
[4] The remainder of subsection (d)(1) identifies the persons who are to be present at the conference; and subsection (d)(2) states that the parents' failure to attend will not prevent the conference or any action as a result thereof.